IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FERMIN LORENZO CHOLULA RIOS,

    Petitioner,

v.                                                                                              No. 2:26-cv-0015-KG-JHR

KRISTI NOEM, et al.,

    Respondents.

## **TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Petitioner Fermin Lorenzo Cholula Rios' Motion for a Temporary Restraining Order ("TRO"). *See* Doc. 2. The Court held a hearing on the motion on January 12, 2026. The Government has not filed a written response but appeared at the hearing. For the reasons below, the Court grants the motion and orders Petitioner's immediate release.

### *I.  Background*

Petitioner is a 69-year-old Mexican national who entered the United States in 1995 and longtime resident of Oregon. Doc. 2 at 6. He is a construction worker. *Id.* He has six children who are United States citizens. *Id.* Immigration and Customs Enforcement ("ICE") agents arrested him in Forest Grove, Oregon on November 2, 2025, while he was driving. *Id.* He was first detained in Tacoma, Washington, before being transferred to the Otero County Processing Center in New Mexico. *Id.* at 6–7. He currently has a "master calendar hearing set for January 2026." Doc. 1 at 20. As of the date of this order, he has not been afforded a bond hearing, nor any notice of such a hearing. Doc. 1 at 31. He filed his Verified Petition for Writ of Habeas Corpus Pursuant to § 2241, Doc. 1, on January 6, 2026, alleging violations of his Fourth and Fifth Amendment rights arising from his stop and continued detention and the Administrative

1

Procedure Act. He claims that his continued detention violates 8 U.S.C. § 1226 as well as his procedural due process rights and he is thus "likely to prevail" on his corresponding habeas petition seeking relief from custody. Doc. 2 at 23; *see generally* Doc. 1. He therefore requests a "TRO ordering his immediate release from custody while the Court adjudicates his habeas petition." *Id.* at 27.

## II.     Legal Standard

A TRO "preserve[s] the status quo" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "[A]ll four...factors" must "weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. App'x 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm...are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018). "[R]egardless of whether or not notice is provided," a TRO "should not exceed" 28 days "absent consent of the opposing party." *Isler v. New Mexico Activities*, 2010 WL 11623621, at *3 (D.N.M.).

## III.    Analysis

For the reasons below, the Court finds that Petitioner (A) is likely to succeed on the merits of his habeas petition, (B) he will suffer irreparable harm in the absence of a TRO, and (C) the balance of equities and the public interest favor immediate relief.

### A.     *Petitioner is likely to succeed on the merits of his habeas petition*.

Petitioner has established a likelihood of success on the merits of his statutory and Fifth Amendment due process claims.

### *1.     Petitioner is likely to succeed on his statutory claim.*

Petitioner is likely to succeed on Count 7 of his petition, that his detention is governed by 8 U.S.C. § 1226 (a), and he is thus required to be provided a bond hearing.  The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).

By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." § 1226(a).  "Under federal regulations, noncitizens detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.  "Noncitizens who entered the country years earlier are not...seeking admission and therefore fall under" § 1226(a), "rather than § 1225(b)(2)(A)."  *Id.* at *3; *see also Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (collecting over 300 consistent district-court decisions nationwide).

Petitioner states he entered the United States in 1995, more than 30 years ago.  Doc. 2 at 6.  He was arrested in the interior of the United States in November 2025.  *Id.* at 7.  As a result, his present detention is governed by § 1226, and he is thus entitled to a bond hearing at the outset of his detention.  Petitioner has therefore demonstrated a strong likelihood of success on the

merits of his statutory claim.  The Government conceded that § 1226 governs Petitioner's detention.  Draft Tr. at 8.[1]

### 2. *Petitioner is likely to succeed on his Due Process claim.*

Petitioner is also likely to succeed on the merits of Count 6 of his petition.  Specifically, that his arrest and continued detention violates the Fifth Amendment's Due Process Clause because he has a protected liberty interest in remaining free from civil detention and was deprived of that interest without constitutionally adequate process.

"Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivations of that protected liberty interest accords with the Constitution."  *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Here, there is a substantial likelihood that Petitioner holds a protected liberty interest. Petitioner's private interest in remaining free from detention is substantial.  Petitioner lived and worked in the United States for more than three decades before he was arrested, allowing him to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life."  *Morrisey v. Brewer*, 408 U.S. 471, 482 (1972); Doc. 2 at 6.  Petitioner has consistently worked and raised a family in the United States, including his six children, all of whom are United States citizens.

Next, Petitioner is entitled to procedural safeguards to protect his liberty interest.  The Court considers (1) "the private interest" at stake; (2) "the risk of erroneous deprivation" through

---

[1] The Court's citation to the January 12 hearing transcript refers to the court reporter's original, unedited version.  Any final transcript may contain some differences in page and line numbers.

"the procedures used, and the probable value of additional or substitute procedural safeguards"; and (3) "the Government's interest" including the "fiscal and administrative burdens" of additional safeguards. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner's private interest in remaining free from detention is substantial. "Freedom from imprisonment…lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was free from custody for more than three decades while he lived and worked in the United States. Doc. 2 at 6.

Next, there is a significant risk of erroneous deprivation. Petitioner has been detained for more than one month without a bond hearing, in violation of the standards set forth in § 1226. Doc. 2 at 21. Continued detention without a bond hearing amounts to a due process violation. *See, e.g., Benitez,* 2025 WL 2371588, at *13 ("In sum, the *Mathews* factors weigh in favor of petitioner, and the court finds that his detention without a bond hearing violates his Due Process rights.").

Finally, any interest the Government has in Petitioner's continued detention without a hearing is low. The burden of providing a bond hearing is minimal in comparison to the cost of continued incarceration. *See Danierov v. Noem*, 2025 WL 3653925 (D.N.M.) (Gonzales, J.) (concluding that cost of providing bond determination to noncitizen is not "terribly burdensome"). Petitioner has therefore demonstrated a substantial likelihood of success on the merits of his due process claim.

### B.     *Petitioner will face irreparable harm without injunctive relief.*

Petitioner has proven that his detention has caused irreparable harm, as "infringement of a constitutional right" is per se irreparable harm. *Free the Nipple*, 916 F.3d at 805.

### C.     *The equities and public interest favor relief.*

Any burden on the Government to release Petitioner from custody and hold a pre-deprivation hearing is minimal compared to the harm that he is suffering in detention. "Faced with a choice between minimally costly procedures and preventable human suffering," the "balance of hardships tips decidedly in [P]etitioner's favor." *Singh v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal.); *see also Domingo*, 2025 WL 2941217, at *4 (same). The public interest also weighs in Petitioner's favor; it is "not in the public's interest to allow unexplained detention." *Domingo*, 2025 WL 2941217, at *4.

### IV. Conclusion

Petitioner has satisfied the procedural requirements necessary for a TRO. The Government's presence at the January 12 hearing demonstrates that they have received sufficient notice of Petitioner's motion, and their concession to Count 7 indicates success on the merits of Petitioner's claim. *See* Fed. R. Civ. P. 64(b)(1) ("[W]ritten or oral notice" suffices to provide "the adverse party" notice of a TRO). The status quo ante is the position Petitioner occupied prior to his arrest, and this TRO restores and preserves that posture pending further proceedings.

IT IS THEREFORE ORDERED:

1. Petitioner's TRO motion (Doc. 2) is GRANTED.
2. The Government is ORDERED to release Petitioner within 24 hours of this Order.
3. The Government is restrained from arresting Petitioner unless it demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Petitioner is a danger or a flight risk.
4. The Government may submit a response on the merits of the habeas petition as well as all other claims raised in the TRO motion within ten (10) days after the date of this Order. Petitioner may file a reply within ten (10) days thereafter.

5.  The Order shall remain in effect for 28 days for good cause shown. *See* Fed. R. Civ. P. 65(b)(2).

6.  Given the important constitutional rights at stake for Petitioner, the Court finds that no bond is required. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (providing district courts with "wide discretion under Rule 65(c)" to determine "whether to require security").

    IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.