IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FERMIN LORENZO CHOLULA RIOS,

    Petitioner,

v.                                                                                                                                       No. 2:26-cv-00015-KG-JHR

KRISTI NOEM, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Fermin Lorenzo Cholula Rios' Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Motion to Dismiss, Doc. 12. Following a hearing, the Court issued a Temporary Restraining Order ("TRO") directing the Government to release Mr. Cholula Rios. *See* Doc. 10. The TRO expires on February 9, 2026. The Court acknowledges that Mr. Cholula Rios has not filed a reply—he may submit any objections to this Order. For the reasons below, the Court grants the petition.

*I.     Background*

Mr. Cholula Rios, a 69-year-old Mexican citizen, entered the United States in 1995. Doc. 2 at 6. He lives in Oregon and has six U.S. citizen children, two of whom are minors. Doc. 1 at 18. He is a construction worker. Doc. 2 at 6. He has two prior criminal convictions, one for DUI and another for harassment. Doc. 1 at 18.

On November 2, 2025, ICE arrested Mr. Cholula Rios while he was driving to McDonald's. Doc. 1 at 2. He was first detained in Tacoma, Washington, and was then transferred to the Otero County Processing Center in New Mexico. Doc. 1 at 3. Mr. Cholula Rios claims that his detention is governed by 8 U.S.C. § 1226(a) and that he is therefore entitled

to an individualized bond hearing.  Doc. 1 at 31.  The Government concedes that because Mr. Cholula Rios "arriv[ed] in the United States prior to" the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), "§ 1226(a) is the appropriate classification."  Doc. 12 at 2.

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Cholula Rios' detention, and (B) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.     *Section 1226 governs Mr. Cholula Rios' detention.*

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this

second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with most district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Mr. Cholula Rios' detention. ICE arrested him three decades after his initial entry into the United States and did not apprehend him at or near the border. In addition, Mr. Cholula Rios entered the United States prior to the enactment of IRRIRA, which created § 1225's mandatory detention scheme. *See Benziane v. U.S.*, 960 F. Supp. 238, 241 (D. Colo. 1997) ("The general effective date for IIRIRA's amendments...[is] April 1, 1997."). Accordingly, § 1225's mandatory detention provision does not apply, and § 1226 governs.

**B.     *The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Cholula is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Mr. Cholula Rios' "unlawful detention in violation of his constitutional rights shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

**IV.    Conclusion**

The Court therefore grants Mr. Cholula Rios' petition, Doc. 1. The Court orders that the Government provide Mr. Cholula Rios with a bond hearing under § 1226(a) before an IJ within seven days of this Order. At that hearing, the Government must justify Mr. Cholula Rios' detention by clear and convincing evidence. If the Government fails to provide a bond hearing within that timeframe, Mr. Cholula Rios must remain out of custody.

The Court further orders the Government to file a status report within ten days of this Order confirming that it has provided Mr. Cholula Rios with a bond hearing.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.